1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED & ENTERED

JAN 29 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Edward E. Elliott<br><br><br><br>Debtor(s).<br>―――――――――――――――――<br>Diane C. Weil<br><br>Plaintiff(s),<br><br>    v.<br><br>Edward E Elliott<br><br><br><br>Defendant(s).<br>―――――――――――――――――― | CHAPTER 7<br><br>Case No.:  1:11-bk-23855-VK<br>Adv. No:   1:13-ap-01118-VK<br><br>**ORDER DENYING MOTION FOR CHANGE OF VENUE**<br><br>[No hearing required] |

On December 1, 2011, Edward Elliott ("Defendant") filed a voluntary chapter 7 petition (the "Petition"). In the Petition, Defendant listed his residence as 15723 Hiawatha Street, Granada Hills, California, 91344 (the "Hiawatha Property").In the Petition, Defendant also verified, under penalty of perjury, that he had been domiciled or has had residence, principal place of business, or principal assets in the Central District of California for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. Defendant listed ownership of no real property in the Petition.  Defendant confirmed the accuracy of his Petition and

-1-

schedules during his section 341(a) meeting of creditors.  On January 6, 2012, the chapter 7 trustee issued a no-asset report. On March 9, 2012, Defendant received a discharge, and on March 13, 2012, Defendant's bankruptcy case was closed.

On December 13, 2012, Mikhail Kapulkin and Ella Gofman ("Creditors") filed a motion to reopen Defendant's bankruptcy case because Defendant had failed to list certain assets and liabilities in his schedules. This included Defendant's failure to list his ownership of a Nevada Corporation entitled Lee Wong Investments ("LWI"), which owned property located at 2419 Buckingham Rd., Los Angeles, CA 90016 (the "Buckingham Property"). On January 7, 2013, Creditors' motion to reopen the bankruptcy case was granted. Diane Weil ("Plaintiff") was appointed the chapter 7 trustee, and she withdrew the no-asset report.

On June 4, 2013, Plaintiff commenced an adversary proceeding against Defendant by filing a complaint (the "Complaint"). The Complaint alleges that Defendant concealed his interest in LWI, which owned the Buckingham Property. The Complaint also alleges that on March 28, 2012, 19 days after Defendant received his discharge in his chapter 7 bankruptcy case, he transferred the Buckingham Property to himself as a "gift."

Defendant's answer, filed on October 17, 2013, admits that Defendant currently resides in the Buckingham Property. In a declaration filed in Defendant's bankruptcy case on December 27, 2013, a "friend" of the Defendant, Juanita Jehdian, stated that Defendant resided in the Buckingham Property at the time he filed the Petition.

On November 25, 2013, Defendant filed a *Motion for Change of Venue* (the "Motion"). While not expressly stated, it would appear that the basis of Motion is that the Debtor resides in the Buckingham Property, and the applicable division of this Court is the Los Angeles Division, instead of the San Fernando Valley Division.

Pursuant to 28 U.S.C. § 1408(1), a case under title 11 may be commenced in the district court for the district:

(1) in which the domicile, residence, principal place of business in the

United States, or principal assets in the United States, of the person or

entity that is the subject of such case have been located for the one

hundred and eighty days immediately preceding such commencement,

or for a longer portion of such one-hundred-and-eighty-day period than

the domicile, residence, or principal place of business, in the United

States, or principal assets in the United States, of such person were

located in any other district . . .

Pursuant to Local Bankruptcy Rule ("LBR") 1071-1(a)(1), "unless otherwise

ordered by the court," a bankruptcy petition must be filed in an "applicable division,"

which is "determined by the location of the debtor's residence, principal offices, officers,

and books and records, or where the majority of the debtor's assets are located based

on a book value determination as set forth on the debtor's most current balance sheet."

28 U.S.C. § 1406 provides, in pertinent part, that:

(a) The district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it could

have been brought.

(b) Nothing in this chapter shall impair the jurisdiction of a district court of

any matter involving a party who does not interpose *timely and*

*sufficient objection to the venue*.

(emphasis added).

Federal Rule of Bankruptcy Procedure ("FRBP") 1014(a)(2) provides that:

If a petition is filed in an improper district, the court, on timely motion of a

party in interest or on its own motion, and after hearing on notice to the

petitioners, the United States Trustee, and other entities as directed by the

Court, may dismiss the case or transfer it to any other district *if the court*

*determines that the transfer is in the interest of justice or for the*

*convenience of the parties.*

Pursuant to LBR 1071-1(b), "[i]f a petition is filed in the wrong division, the court may, on its own, transfer it to the appropriate division or retain the case."

Even if Defendant resided in the Buckingham Property when he filed the Petition, and not in the San Fernando Valley Division, this Court is not required to transfer venue. 28 U.S.C. § 1406 provides that a court's jurisdiction is not impaired if a party does not interpose timely and sufficient objection to the venue. Here, it was Defendant who, under penalty of perjury, listed his residence as one within the San Fernando Valley Division and submitted to the jurisdiction of this Court. Defendant did not object to venue until more than two years after the filing of his Petition, making the objection untimely. Moreover, FRBP 1014(a)(2) provides that a bankruptcy court has discretion as to whether to dismiss or transfer a case filed in an improper district based on the court's determination as to whether the transfer is in the interest of justice or for the convenience of the parties. Here, a transfer of Defendant's bankruptcy case and/or this adversary proceeding to the Los Angeles Division would not be in the interest of justice. Lastly, LBR 1071-1(b) provides that a Court may retain a case filed in the wrong division.

Having reviewed the Motion, and Defendant not having demonstrated cause for this Court to transfer this matter to the Los Angeles Division, it is hereby

**ORDERED**, that the Motion is denied.

###

Date: January 29, 2014

Victoria S. Kaufman
United States Bankruptcy Judge