**FILED & ENTERED**

**JUL 24 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Bever    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Edward E. Elliott,<br><br>                             Debtor.<br><br>Diane C. Weil,<br><br>                            Plaintiff,<br>   v.<br>Edward E. Elliott,<br><br>                            Defendant. | CHAPTER 7<br><br>Case No.: 1:11-bk-23855-VK<br>Adv. No.: 1:13-ap-01118-VK<br><br>**ORDER DENYING "MOTION TO REOPEN CASE"**<br><br>[No hearing required] |

      On June 4, 2013, Diane C. Weil ("Plaintiff") commenced the above-captioned adversary proceeding by filing a complaint [docket #1] (the "Complaint") against Edward E. Elliott ("Defendant") for declaratory relief, revocation of Defendant's discharge, and a preliminary and permanent injunction.

      On January 13, 2014, Plaintiff filed a motion for summary judgment against Defendant [docket #37] (the "MSJ"). On April 7, 2014, the Court granted the MSJ and entered judgment in favor of Plaintiff [docket #63] (the "Judgment").

Main Document    Page 2 of 3

On April 15, 2014, Defendant filed a pleading entitled "Motion to Reopen Case" [docket #65] (the "Motion"). It appears that Defendant has not served the Motion on Plaintiff. The Motion also is not supported by any evidence. Although his pleading is titled a motion to reopen, Defendant does not appear to be requesting that the adversary proceeding be reopened; it has not been closed.  Instead, Defendant appears to seek post-judgment relief, *i.e.,* alteration of the Judgment.

In the Motion, Defendant does not identify the statutory authority under which he seeks relief from the Judgment. In light of this lack of direction from Defendant, the Court will assess the Motion under the applicable standards governing Fed. R. Civ. P. 59(e) ("Rule 59(e)"), as applied to bankruptcy cases by Fed. R. Bankr. P. 9023, and Fed. R. Civ. P. 60(b) ("Rule 60(b)"), as applied to bankruptcy cases by Fed. R. Bankr. P. 9024.

A motion for reconsideration filed within fourteen days of the entry of judgment is treated as a motion to alter or amend the judgment under Fed. R. Bankr. P. 9023, incorporating Rule 59(e). American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001). Rule 59(e) allows reconsideration if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc., 5 F.3d  1255, 1263 (9th Cir. 1993) (internal citations omitted).

A motion for reconsideration also may be construed as a relief from a judgment under Fed. R. Bankr. P. 9024, which incorporates Rule 60(b). Rule 60(b) permits relief from "a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

A motion for reconsideration may not be used to ask the court to reevaluate what it has already decided—rightly or wrongly. United States v. Rezzocino, 32 F.Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). A court may, in its discretion, grant relief from an apparent error of law if the party moving for reconsideration brings that error to the court's attention within a reasonable period of time. Id.

Here, the Motion suggests that Defendant's bankruptcy counsel is at fault for the omissions and inaccuracies in his schedules of assets and liabilities, and Defendant should not be held accountable. Defendant apparently contends that he did not have the requisite intent to hinder, delay, or defraud creditors that would justify the revocation of his discharge. However, Defendant presented this argument in his opposition to the MSJ [docket #58].  Prior to entry of the Judgment, the Court considered Defendant's position and concluded that, taking into account the evidence presented, Defendant's misrepresentations were intentional, and there was no genuine issue for trial. Defendant presents no other justification for altering, amending, or reconsidering the Judgment based on the standards set forth above.

Defendant not having demonstrated that the Court should alter, amend, or grant other relief from the Judgment, it is hereby

ORDERED, that the Motion is denied.

###

Date: July 24, 2014

Victoria S. Kaufman
United States Bankruptcy Judge