FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIANE C. WEIL, Chapter 7 Trustee,<br><br>*Plaintiff-Appellant,*<br><br>v.<br><br>EDWARD E. ELLIOTT,<br>*Defendant-Appellee.* | No. 16-55359<br><br>D.C. No.<br>1:11-bk-23855-VK<br><br>OPINION |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Argued and Submitted May 9, 2017
Pasadena, California

Filed June 14, 2017

Before:  J. Clifford Wallace, Morgan Christen,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford;
Concurrence by Judge Christen

2          WEIL V. ELLIOTT

## SUMMARY*

### Bankruptcy

The panel reversed the bankruptcy court's judgment dismissing a chapter 7 bankruptcy trustee's adversary proceeding seeking revocation under 11 U.S.C. § 727(d) of a debtor's discharge on the ground that the discharge was obtained by fraud.

The bankruptcy court granted summary judgment to the trustee and revoked the discharge. The Bankruptcy Appellate Panel vacated the bankruptcy court's judgment on the ground that the trustee did not file her request for revocation of discharge within the one-year time limit imposed by § 727(e)(1), and so the bankruptcy court lacked subject matter jurisdiction to revoke the discharge. On remand, the bankruptcy court entered a new judgment dismissing the adversary proceeding for lack of jurisdiction.

The panel held that the one-year filing deadline imposed by § 727(e)(1) is not a jurisdictional constraint, but rather is a statute of limitations. The panel held that the debtor forfeited the affirmative defense of the non-jurisdictional time bar by failing to raise it in the bankruptcy court. The panel reversed the bankruptcy court's judgment and remanded with instructions for the bankruptcy court to reinstate the part of its earlier judgment revoking the debtor's discharge.

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

WEIL V. ELLIOTT 3

Concurring, Judge Christen agreed with the majority's judgment and reasoning in holding that § 727(e)(1) is a waivable and non-jurisdictional time bar. Judge Christen wrote to further explain her conclusion that § 727(e)(1) is a statute of limitations, rather than a non-waivable statute of repose.

## COUNSEL

John Nowlan Tedford IV (argued) and Aaron E. de Leest, Danning Gill Diamond & Kollitz LLP, Los Angeles, California, for Plaintiff-Appellant.

Andrew Edward Smyth (argued), SW Smyth LLP, Los Angeles, California, for Defendant-Appellee.

## OPINION

WATFORD, Circuit Judge:

The debtor in this case, Edward Elliott, filed a Chapter 7 bankruptcy petition that fraudulently omitted a key asset: his own home. No one discovered the fraud while his bankruptcy case remained pending, and he eventually received a discharge of his debts under 11 U.S.C. § 727(a). Months later, the Chapter 7 trustee learned of the fraud. She filed an adversary proceeding against Elliott in which she requested, among other relief, a revocation of his discharge under 11 U.S.C. § 727(d). As relevant here, § 727(d) provides that, upon the trustee's request, "the court shall revoke a discharge granted under subsection (a) of this section if . . . such discharge was obtained through the fraud

4          WEIL V. ELLIOTT

of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1).

Section 727(e)(1) sets the filing deadline for seeking relief under § 727(d)(1). It provides that "[t]he trustee, a creditor, or the United States trustee may request a revocation of a discharge . . . under subsection (d)(1) of this section within one year after such discharge is granted." 11 U.S.C. § 727(e)(1). The trustee does not dispute that she filed her request for revocation of Elliott's discharge more than one year (roughly 15 months) after the discharge was granted. However, in opposing the trustee's request for relief, Elliott never raised the untimeliness of the request as a defense.

The bankruptcy court granted summary judgment to the trustee. The court found that Elliott had knowingly and fraudulently failed to disclose his ownership interest in the home, and had knowingly and fraudulently misrepresented where he lived. The court further found that the trustee did not learn of Elliott's fraud until after the discharge had been granted. The court entered judgment revoking Elliott's discharge pursuant to § 727(d)(1).

Elliott appealed to the Ninth Circuit Bankruptcy Appellate Panel (BAP). The BAP vacated the bankruptcy court's judgment on the ground that the trustee had not filed her request for revocation of discharge within the time limit imposed by 11 U.S.C. § 727(e)(1). *Elliott v. Weil (In re Elliott)*, 529 B.R. 747, 755 (9th Cir. BAP 2015). Although Elliott had not asserted untimeliness as a defense, the BAP held that it was obliged to address that issue *sua sponte* because the time limit imposed by § 727(e)(1) is jurisdictional. *Id.* at 751. The trustee's failure to file her

WEIL V. ELLIOTT                    5

request within one year of Elliott's discharge, the BAP concluded, meant that the bankruptcy court "lacked subject matter jurisdiction" to revoke the discharge under § 727(d)(1). *Id.* at 753.

The BAP remanded the case to the bankruptcy court with instructions to dismiss the trustee's request for relief under § 727(d) and to conduct further proceedings on a separate claim not relevant here. *Id.* at 755. On remand, the bankruptcy court entered a new judgment dismissing the trustee's request for relief under § 727(d) for lack of jurisdiction. The trustee filed an appeal from that judgment to the BAP, and shortly thereafter requested permission to take a direct appeal to this court. The BAP granted the trustee's request, and we authorized a direct appeal under 28 U.S.C. § 158(d)(2)(A).

The BAP's decision that the bankruptcy court lacked subject matter jurisdiction to grant relief under 11 U.S.C. § 727(d)(1) was wrong as a matter of law. The time limit imposed by § 727(e)(1) is not a "jurisdictional" constraint. It is an ordinary, run-of-the-mill statute of limitations, specifying the time within which a particular type of action must be filed. The Supreme Court has repeatedly held that filing deadlines of this sort are "quintessential claim-processing rules," and that unless Congress clearly states otherwise, such rules will be regarded as non-jurisdictional. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). As the Court recently put it, "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional." *Id.*

6                    WEIL V. ELLIOTT

Congress did not clearly state that the filing deadline imposed by § 727(e)(1) should be regarded as jurisdictional. Nothing in the text of the provision "speak[s] in jurisdictional terms." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). The provision does not, for example, purport to delineate the classes of cases bankruptcy courts are competent to adjudicate, as would be true of a statute that actually dealt with subject matter jurisdiction. *See Scarborough v. Principi*, 541 U.S. 401, 413–14 (2004); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Instead, the provision merely states that the trustee "may request a revocation of a discharge" within the prescribed time limit. 11 U.S.C. § 727(e)(1). That language creates a plain-vanilla statute of limitations, with none of the trappings necessary to rank it as jurisdictional.

Statutory context confirms the non-jurisdictional nature of § 727(e)(1)'s time limit. As the Court has observed, "Congress's separation of a filing deadline from a jurisdictional grant indicates that the time bar is not jurisdictional." *Kwai Fun Wong*, 135 S. Ct. at 1633. That is the situation here. Congress granted bankruptcy courts jurisdiction to adjudicate requests for revocation of discharge in Title 28, in provisions entirely separate from the filing deadline found in Title 11. *See* 28 U.S.C. §§ 157, 1334(b). This jurisdictional grant is not conditioned on compliance with the time limit specified in § 727(e)(1), and indeed the two sets of provisions are not linked together in any way. As was true in *Kwai Fun Wong*, treating the time limit at issue here as jurisdictional would "disregard the structural divide built into the statute." 135 S. Ct. at 1633.

The BAP concluded that § 727(e)(1)'s time limit must be regarded as jurisdictional because it is contained in a statute,

WEIL V. ELLIOTT                    7

rather than a court rule. 529 B.R. at 752–53. The BAP based that conclusion on its reading of *Kontrick v. Ryan*, 540 U.S. 443 (2004), which held that the time limit specified in Federal Rule of Bankruptcy Procedure 4004 is non-jurisdictional. *Id.* at 447. But nothing in *Kontrick* says that if a time limit is set by statute it must be regarded as jurisdictional. If there were any doubt on that score, it has been erased by a series of subsequent decisions holding that a variety of statutory filing deadlines are non-jurisdictional. *See, e.g., Kwai Fun Wong*, 135 S. Ct. at 1632–33; *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817, 821 (2013); *Henderson*, 562 U.S. at 441; *Holland v. Florida*, 560 U.S. 631, 645 (2010). Indeed, post-*Kontrick*, even statutory filing deadlines found in the Bankruptcy Code itself, like § 727(e)(1), have been held to be non-jurisdictional. *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 n.9 (2010); *In re Raynor*, 617 F.3d 1065, 1070 (8th Cir. 2010).

In sum, the one-year filing deadline imposed by 11 U.S.C. § 727(e)(1) is a non-jurisdictional claim-processing rule. Whether that filing deadline is subject to equitable tolling is not at issue here. A non-jurisdictional time bar is an affirmative defense that may be forfeited if not timely raised, and Elliott forfeited the defense by failing to raise it in the bankruptcy court. *See Kontrick*, 540 U.S. at 458–60.

On the merits, the bankruptcy court's determination that Elliott fraudulently concealed his ownership interest in the home is plainly correct; Elliott did not even attempt to challenge that determination before us. We therefore reverse the bankruptcy court's judgment dismissing the trustee's request for relief under § 727(d)(1), and we remand the case to the bankruptcy court with instructions to reinstate the

8                        WEIL V. ELLIOTT

portion of its April 7, 2014, judgment revoking Elliott's discharge.

## REVERSED and REMANDED.

CHRISTEN, Circuit Judge, concurring:

I concur in the majority's judgment and reasoning; 11 U.S.C. § 727(e)(1) is a waivable and non-jurisdictional time bar. I write separately to further explain why I conclude that § 727(e)(1) is a statute of limitations, rather than a statute of repose.

There are "sometimes arcane distinctions" between statutes of limitations and statutes of repose, but the case law in this area is confusing because these limitation periods share many of the same attributes. *See Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 409 (9th Cir. 2002). Both set time limits for bringing suits after a specific period. *See* Black's Law Dictionary (10th ed. 2014) (defining "statute of limitations" as "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued," and defining "statute of repose" as "[a] statute barring any suit that is brought after a specified time since the defendant acted"). Statutes of limitations and statutes of repose also serve some of the same purposes. *Compare CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) ("Statutes of repose effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'" (citation omitted)) *with In re Neff*, 824 F.3d 1181, 1185 (9th Cir. 2016), *cert. denied sub nom. DeNoce v. Neff*, 137 S. Ct. 831

WEIL V. ELLIOTT                                    9

(2017) ("Statutes of limitations serve the policies of 'repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'" (citation omitted)).

Critical for the resolution of this appeal is that a "statute of limitations is an affirmative defense . . . [that] may be waived." *See* 51 Am. Jur. 2d Limitation of Actions § 345. "A statute of repose, like a jurisdictional prerequisite, 'extinguishes a cause of action after a fixed period of time . . . regardless of when the cause of action accrued'" and may not be waived. *See Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1097 n.5 (9th Cir. 2005) (alteration in original) (quoting 51 Am. Jur. 2d Limitation of Actions § 12).

I am persuaded that § 727(e)(1) is a statute of limitations, and not a statute of repose, for several reasons. First, rather than purporting to restrict the authority of the court, the text of § 727(e)(1) speaks to what litigants must do to request a revocation of discharge and when they may file such a request. *See* § 727(e)(1) ("The trustee, a creditor, or the United States trustee may request a revocation of a discharge . . . under subsection (d)(1) of this section within one year after such discharge is granted . . . ."). Section 727(e)(1)'s permissive language appears to be a deliberate choice made by Congress when enacting the Bankruptcy Reform Act of 1978. Previous versions of this provision suggested limitations on the power of courts and judges to revoke discharges, rather than limitations on the ability of litigants to request revocation. *Compare* Bankruptcy Act of 1898, ch. 541, § 15, 30 Stat. 550 (1898) ("*The judge may*, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it . . . if it . . . was

10                    WEIL V. ELLIOTT

obtained through the fraud of the bankrupt . . . ." (emphasis added)), *and* Pub. L. 91-467, § 4, 84 Stat. 991 (1970) (superseded 1978) ("*The court may* revoke a discharge upon the application of a creditor, the trustee, the United States attorney, or any other party in interest, who has not been guilty of laches, filed at any time within one year after a discharge has been granted . . ." (emphasis added)) *with* § 727(e)(1) ("*The trustee, a creditor, or the United States trustee may request* . . ." (emphasis added)).  This language strongly indicates that Congress did not intend § 727(e)(1) to limit the court's authority to revoke discharges.

Second, § 727(e)(1) does not fit the typical profile of statutes of repose. Much of the case law concerning statutes of repose arises from products liability claims subject to limitation periods that only work total claim forfeitures after very long periods of time. *See, e.g., Blazevska v. Raytheon Aircraft Co.*, 522 F.3d 948, 951 (9th Cir. 2008) (interpreting the General Aviation Revitalization Act's 18-year statute of repose for civil actions "arising out of an accident involving a general aviation aircraft"); *Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1065–66 (9th Cir. 1994) (addressing Washington products liability statute barring "a product liability claim where the product has passed its 'useful safe life'" and presuming that time period to be at least 12 years (quoting Wash. Rev. Code § 7.72.060)); *see also Underwood Cotton Co.*, 288 F.3d at 408 (concluding a one-year time bar had a "short fuse," and that the time limit for a statute of repose would typically be longer); Black's Law Dictionary (10th ed. 2014) (noting a statute of repose is triggered by action of the defendant, "such as . . . designing or manufacturing a product").

WEIL V. ELLIOTT                                    11

I am not persuaded that the Bankruptcy Code's underlying policy goals, favoring finality and "fresh starts" for debtors, indicate that § 727(e)(1) is a statute of repose. *See* S. Rep. 95-989, at 98 (1978) ("[Section 727] is the heart of the fresh start provisions of the bankruptcy law."); H.R. Rep. 95-595, at 5967 (1978) (same); *see also CTS Corp.*, 134 S. Ct. at 2183 ("Like a discharge in bankruptcy, a statute of repose can be said to provide a fresh start or freedom from liability."). In § 727(d), Congress expressly required that a discharge must be revoked in certain circumstances, including if the debtor's "fresh start" was procured by fraud. *See* § 727(d). Also, although § 727 provides a fresh start, it does not secure absolute finality; 11 U.S.C. § 350 allows bankruptcy proceedings to be reopened, without any express time limitation, upon a proper showing.

I agree with the majority that equitable tolling is not at issue in this case, so we need not decide whether the limitations period in § 727(e)(1) is a "regular" statute of limitations or a "mandatory" and non-tollable limitations period. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 826–28 (2013) (concluding that equitable tolling does not apply to a particular non-jurisdictional limitations period); *United States v. Brockamp*, 519 U.S. 347 (1997) (same).

For these reasons and those stated in the majority opinion, I conclude that § 727(e)(1) is a non-jurisdictional statute of limitations subject to waiver, not a statute of repose.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)  A.  **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B.  **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or

▶ The proceeding involves a question of exceptional importance; or

▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)    Deadlines for Filing:**

- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).

- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).

- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate. *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).

- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)    Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)    Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.

- The petition must be accompanied by a copy of the panel's decision being challenged.

- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.

- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.

- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)

- The Bill of Costs must be filed within 14 days after entry of judgment.

- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

## Attorneys Fees

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.

- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari

- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions

- Please check counsel listing on the attached decision.

- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:

  ▶ Thomson Reuters; 610 Opperman Drive; PO Box 64526; St. Paul, MN 55164-0526 (Attn: Jean Green, Senior Publications Coordinator);

  ▶ and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Judgment Form - Rev. 08/2013

United States Court of Appeals for the Ninth Circuit

*(Rev. 12-1-09)*

## BILL OF COSTS

This form is available as a fillable version at:
http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf.

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

v.

The Clerk is requested to tax the following costs against:                 9th Cir. No.

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED *(Each Column Must Be Completed)* | | | | ALLOWED *(To Be Completed by the Clerk)* | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| erpt of Record | | | $ | $ | | | $ | $ |
| ing Brief | | | $ | $ | | | $ | $ |
| ering Brief | | | $ | $ | | | $ | $ |
| Brief | | | $ | $ | | | $ | $ |
| | | | $ | $ | | | $ | $ |
| TOTAL: | | | $ | | | | $ | |

r page: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.
Any other requests must be accompanied by a statement explaining why the item(s) should be taxed ursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be onsidered.

es **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs - *Continued***  Case: 16-55359, 06/14/2017, ID: 10472186, DktEntry: 37-2, Page 5 of 5    (16 of 16)

I, [                    ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [                    ]

("s/" plus attorney's name if submitted electronically)

Date [                    ]

Name of Counsel: [                    ]

Attorney for: [                    ]

*(To Be Completed by the Clerk)*

Date [                    ]

Costs are taxed in the amount of $ [                    ]

Clerk of Court

By: [                    ] , Deputy Clerk